IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE A. COLON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Action No. 07-189-JJF |
| | : |
| CORRECTIONAL MEDICAL SERVICES, | : |
| JOHN/JANE DOE PSYCHIATRIST, | : |
| and JOHN/JANE DOE SUPERVISOR | : |
| | : |
| Defendants. | : |

Jose A. Colon, Pro se Plaintiff, Delaware Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

August /, 2007
Wilmington, Delaware

Farnén, District Judge

Plaintiff Jose A. Colon ("Colon"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

For the reasons discussed below, the Court will dismiss without prejudice the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.    BACKGROUND

Plaintiff is currently housed at the DCC. He alleges that while housed at the Howard R. Young Correctional Institution ("HYRCI") Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (D.I. 2.) More specifically, he alleges that for a period of approximately three months, beginning in April 2005, he received medication that was not prescribed for him. Plaintiff alleges he was referred to Mental Health in June 2005 and, without receiving an explanation, told he was being taken off the medication. Plaintiff filed a grievance and the investigation revealed that Plaintiff received the medication with no apparent order. Plaintiff asks for compensatory damages for pain, suffering, and mental stress.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403,

406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

III. **ANALYSIS**

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105

(1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). To satisfy the deliberate indifference standard, a plaintiff must allege that the Defendants either acted with "reckless disregard" or "actual intent" to disregard medical conditions. Estelle, 429 U.S. at 104.

In this case, even accepting Plaintiff's allegations as true, the Court concludes that the act of giving the wrong medication does not rise to the level of deliberate indifference. Indeed, as Plaintiff alleges, it was not until he was referred to Mental Health that the error came to light, and once discovered, the medication was no longer given to Plaintiff. A mistake in administering medication is more appropriately recoverable in negligence rather than a § 1983 action, and allegations of medical malpractice are not sufficient to establish a Constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not

compensable as a Constitutional deprivation); Frost v. Agnos, 152 F.3d 1124 (9th Cir. 1998) (finding no merit in medical administrative delay claims that were merely negligence). Therefore, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous and for failure to state a claim period pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.